UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

LAPORSCHA DENISE BROWN                                          PLAINTIFF

V.                                        CIVIL ACTION NO. 3:25-CV-448-DPJ-ASH

MOMENTUM PAWN, ET AL.                                          DEFENDANTS

ORDER

Pro se Plaintiff LaPorscha Denise Brown filed this lawsuit against Momentum Pawn, Chris Upton, Jaime Gonzales, and Cathy Gish on June 20, 2025. She initially sought permission to proceed in forma pauperis, but on July 21, 2025, Brown paid the filing fee. In its July 22, 2025, order finding her IFP motion moot, the Court informed Brown that "she is responsible for having Defendants served with process" and warned her that "failure to obtain a waiver of service or properly serve Defendants within 90 days of this Order may result in the dismissal of this civil action without prejudice." Order [4].

Brown had a summons issued for Defendant Momentum Pawn, which has appeared and moved to dismiss for insufficient service of process, but nothing on the docket indicates that summonses were ever issued for Defendants Upton, Gonzales, or Gish, much less that Brown effectuated service of process on those Defendants. So on November 12, 2025, the Court ordered Brown to show cause why the claims against those Defendants should not be dismissed for failure to timely serve process. Brown responded, indicating that she "did attempt service on these defendants" but "later learned that [her] initial attempts did not meet the technical

requirements for proper service."[1] Resp. [13] at 1; *see* Pl. Resp. to Mot. to Dismiss [9] (acknowledging "the initial service of process on Defendant Momentum Pawn, Inc. may not have fully complied with Rule 4"). She asks for an unspecified amount of "additional time . . . to finalize service" on Upton, Gonzales, and Gish. Resp. [13] at 2; *see* Pl. Resp. to Mot. to Dismiss [9] (asking for "an opportunity to correct the service of process [and] re-serve Defendant Momentum Pawn, Inc.").

Federal Rule of Civil Procedure 4(m) sets a 90-day time limit for service of process and states that "[i]f a defendant is not served within 90 days after the complaint is filed, the court— on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." It further states that "if the plaintiff shows good cause for the failure [to timely serve process,] the court must extend the time for service for an appropriate period." Thus, where "good cause [for the failure to timely serve process] is present, the district court *must* extend [the] time for service. If good cause does not exist, the district court *may*, in its discretion, . . . extend the time for service." *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996); *see Lambert v. United States*, 44 F.3d 296, 299 (5th Cir. 1995) (explaining that good cause under Rule 4(m) "requires[] at least as much as would be required to show excusable neglect"); *Kersch v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988) (concluding that pro se plaintiff's ignorance of service procedures does not constitute good cause for failing to perfect service within permitted time).

---

[1] Given that the docket sheet does not reflect that summonses were ever issued for Upton, Gonzales, or Gish, the Court questions whether whatever service Brown attempted would have complied with Rule 4. *See* Fed. R. Civ. P. 4(b) ("A summons—or a copy of a summons that is addressed to multiple defendants—must be issued for each defendant to be served."); *id.* R. 4(c)(1) ("A summons must be served with a copy of the complaint.").

Regardless of whether Brown has shown good cause for failing to timely serve Defendants, the Court in its discretion finds it appropriate to extend the time for service of process on all Defendants.[2] Brown shall have 60 additional days—or until January 20, 2026—to properly serve Defendants. The Court reminds Brown that she must have a separate summons issued for each Defendant or must have multiple copies issued of a summons addressed to multiple Defendants. *See* Fed. R. Civ. P. 4(b). Failure to effectuate service of process on any Defendant by January 20, 2026, may result in dismissal of the claims against that Defendant without prejudice with no further notice.

**SO ORDERED AND ADJUDGED** this the 20th day of November, 2025.

s/ *Andrew S. Harris*
UNITED STATES MAGISTRATE JUDGE

---

[2] "A discretionary extension may be warranted, 'for example, if the applicable statute of limitations would bar the refiled action . . . .'" *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (quoting Fed. R. Civ. P. 4, advisory committee notes to 1993 amendment). On March 26, 2025, the EEOC issued Brown a notice of right to sue indicating that her "right to sue based on [her] charge [of discrimination] will be lost if [she did] not file a lawsuit in court within 90 days." EEOC Charge [1-1] at 1. Brown may have statute-of-limitations problems at least as to any claims covered by her EEOC Charge.