UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

LAPORSCHA DENISE BROWN PLAINTIFF

V. CIVIL ACTION NO. 3:25-CV-448-DPJ-ASH

MOMENTUM PAWN, ET AL. DEFENDANTS

ORDER

On November 20, 2025, the Court entered an Order giving pro se Plaintiff LaPorscha Denise Brown until January 20, 2026, to effectuate service of process on all Defendants. Order [14]. Four days later, Brown docketed proof of service on Defendant Momentum Pawn, indicating that a process server served Angela Chason on October 30, 2025. Executed Summons [15] at 2. Momentum Pawn has now moved to quash the purported service of process or, in the alternative, for an extension of time within which to answer Brown's complaint. Mot. [16]. Brown responded in opposition to Momentum Pawn's motion and filed a motion to amend the complaint. Mot. [18]. As explained below, Momentum Pawn's motion to quash is denied, but its alternative request for additional time within which to answer is granted. And Brown's motion to amend is denied without prejudice.

I. Facts and Procedural History

Brown filed this lawsuit and a motion for leave to proceed in forma pauperis on June 20, 2025. After the Court ordered her to supplement her IFP motion, Brown paid the filing fee, so on July 22, 2025, the Court entered an Order finding the IFP motion moot and informing Brown that "she is responsible for having Defendants served with process as required by Federal Rule of Civil Procedure 4." Order [4]. The Court's Order explained:

> Absent Defendants' agreement to waive service under Federal Rule of Civil Procedure 4(d), Brown must prepare summonses addressed

> to each Defendant, submit them to the clerk's office for issuance, and complete service of process under Federal Rule of Civil Procedure 4(e) and 4(h) and/or Mississippi Rule of Civil Procedure 4(d)(1) and 4(d)(4).

*Id.* The Order further warned Brown that "failure to obtain a waiver of service or properly serve Defendants with process within 90 days of the date of [the] Order may result in the dismissal of this civil action without prejudice." *Id.*

Since then, Brown has twice had a summons issued for Momentum Pawn. Summonses Issued [5, 10].[1] She first attempted to serve Momentum Pawn by leaving the summons and some documents—but not the Complaint—with Tiffany Jones at Momentum Pawn's local store at 1425 University Boulevard in Jackson, Mississippi, on September 29 or October 1. *Compare* Mem. [7] at 2, *with* Executed Summons [8] at 2. That attempt drew a motion to dismiss for insufficient service of process. In the meantime, on November 12, 2025, the Court entered an Order directing Brown to show cause why the claims against Defendants Upton, Gonzales, and Gish should not be dismissed without prejudice under Federal Rule of Civil Procedure 4(m). Order [12]. Brown's response indicated she had encountered some difficulty serving all Defendants, so on November 20, 2025, the Court entered an order giving Brown until January 20, 2026, to properly serve all Defendants. Order [14]. The Court then found Momentum Pawn's then-pending motion to dismiss moot.

The docket reflects that Brown again attempted to serve Momentum Pawn with process on October 30, 2025, by leaving the summons with Angela Chason, who Momentum Pawn describes as a store manager, at its University Boulevard location. Executed Summons [15] at 2; *see* Mem. [17] at 1 ("The summons was left with a store manager . . . ."). This attempt at service

[1] Brown first had summonses issued for Defendants Chris Upton, Jamie Gonzales, and Cathy Gish on December 3, 2025.

drew the present motion to quash, and Brown's motion to amend followed.

II. Analysis

"Proper service of process is an essential part of the procedure for establishing and proving personal jurisdiction," and "[i]n the absence of valid service of process, proceedings against a party are void." *Fetty v. La. State Bd. of Priv. Sec. Exam'rs*, 611 F. Supp. 3d 230, 239–40 (M.D. La. 2020) (citing *Carimi v. Royal Caribbean Cruise Line, Inc.*, 959 F.2d 1344, 1349 (5th Cir. 1992); *Aetna Business Credit, Inc. v. Universal Décor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981)). According to the Mississippi Secretary of State's website, Momentum Pawn is a Mississippi corporation, so service on it is governed by Federal Rule of Civil Procedure 4(h)(1):

> Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation . . . must be served:
>
> . . .
>
> (A) in the manner prescribed by Rule 4(e)(1)[[2]] for serving an individual; or
>
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . . .

Momentum Pawn says, without citation to any evidence in the record, that Angela Chason is "a store manager" who is "not an officer, managing or general agent, or any other agent authorized

[2] Rule 4(e)(1) permits service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Under Mississippi Rule of Civil Procedure 4(d)(4), service "[u]pon a domestic or foreign corporation" is accomplished "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process." Mississippi law also allows a plaintiff to obtain a waiver of service from a corporation by following the procedure set forth in Mississippi Rule of Civil Procedure 4(c)(3).

to receive service of process."[3] Mem. [17] at 2. Maybe the argument of its counsel is factually correct, but the Court has no proof before it indicating that Angela Chason was *not* authorized to accept service on Momentum Pawn's behalf. And the Court has no authority suggesting Momentum Pawn's threadbare assertions will suffice.

"The general rule is that '[a] signed return of service constitutes prima facie evidence of valid service, which can be overcome only by strong and convincing evidence.'" *People's United Equip. Fin. Corp. v. Hartmann*, 447 F. App'x 522, 524 (5th Cir. 2011) (quoting *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993)). The parties have not briefed whether this presumption is limited to the facts stated on the face of the return (*e.g.*, *who* was served with *what* and *when*), or whether the presumption extends further (*i.e.*, that the person served was a managing agent). There is authority suggesting it is the former. *See Dow Disaster Restoration, LLC v. Favre*, No. 1:20-CV-155-LG-RPM, 2020 WL 8409097, at *2–3 (S.D. Miss. Sept. 1, 2020) (observing that although the person plaintiff served "was a plausible target of service under the more lenient standard," "the Court must agree that the Plaintiffs have not shown that [the person served] was cloaked with explicit authority to accept service on Defendant's behalf" as required by an unpublished Fifth Circuit opinion (citing *Lisson v. ING Groep*, 262 F. App'x 567, 570 (5th Cir. 2007))).

But the lack of any evidentiary support for the motion to quash—indeed, the lack of any citation to legal authority other than Rule 12(b)(5) in the initial brief—distinguishes this case from cases like *Dow Disaster*.[4] On the record before it, the Court cannot say that service of

---

[3] Momentum Pawn could have submitted a declaration in support of its motion. It chose to rest instead on the argument of counsel.

[4] Momentum Pawn cites legal authorities in its reply [20], but those authorities are largely in support of a new argument raised for the first time in the reply—that "the second delivery to Angela Chason lacked a summons." Reply [20] at 1. This conflicts with Momentum Pawn's

process was improper, so it declines to quash service.[5] It will, however, grant Momentum Pawn's alternative request for additional time within which to answer the Complaint. Momentum Pawn's answer shall be filed on or before December 22, 2025.

Turning to Brown's motion to amend, she wants to "increase the damages originally requested." Mot. [18] at 1. Because Brown's motion is not accompanied by a proposed amended complaint as required by Local Rule 15, the Court denies it without prejudice. Should she wish to amend her complaint, she must attach a proposed amended complaint to the motion to amend.

## III. Conclusion

The Court has considered all arguments. Any not directly addressed would not have changed the outcome. For the reasons stated, Momentum Pawn's motion to quash [16] is denied but its alternative request for additional time to file an answer is granted. Momentum Pawn shall

---

assertion in its initial brief that "[t]he summons was left with a store manager at the Jackson location." Mem. [17] at 1.

[5] Filings with the Mississippi Secretary of State's office list Chris Upton as the company's registered agent with a "registered office" address of 1425 Terry Road, Jackson, MS 39204. Miss. Code Ann. § 79-4-2.02(a)(3). According to Google Maps, 1425 Terry Road and 1425 University Boulevard—where Brown twice attempted to serve process—are the same address. That stretch of Terry Road was apparently renamed to University Boulevard in 2011. *See* Jean Gordon Cook, *JSU, City Officials Dedicate University Boulevard*, Jackson State Univ. News Room (Oct. 17, 2011), https://jacksonstate.wordpress.com/2011/10/17/jsu-city-officials-to-dedicate-university-boulevard-%e2%80%93-oct-21/ [https://perma.cc/JUC4-VDH9]. Momentum Pawn's corporate filings also list Chris Upton as its President, this time with an address in San Antonio, Texas. Given the two separate addresses for Upton—and given that Brown has twice attempted service at the registered office address—the Court questions whether he is regularly present to receive service of process. Under Mississippi Code section 79-35-13, "if [an entity's] registered agent cannot with reasonable diligence be served, the governors of the entity will be treated as the entity's agent for service of process . . . . If the governors of the entity cannot with reasonable diligence be served, service of process against the entity shall be upon the Secretary of State . . . ." *See id.* § 79-35-2 ("'Governor' means a person by or under whose authority the powers of an entity are exercised and under whose direction the business and affairs of the entity are managed pursuant to the organic law and organic rules of the entity.").

file its answer on or before December 22, 2025. Brown still has until January 20, 2026, to serve process on the remaining defendants. Brown's motion to amend [18] is denied without prejudice.

**SO ORDERED AND ADJUDGED** this the 8th day of December, 2025.

s/ *Andrew S. Harris*
UNITED STATES MAGISTRATE JUDGE